**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CESAR OBDULIO PAZ MALDONADO,**
**et al.,**

        **Plaintiffs,**

**v.**                                             Case No. 09-1187-EFM

**UNION PACIFIC RAILROAD CO., et al.,**

        **Defendants,**

## MEMORANDUM AND ORDER

The court granted defendants' motion for two Rule 35 examinations of plaintiff Cesar Paz but imposed certain conditions in a Memorandum and Order filed February 25, 2010. (Doc. 74).[1] This matter is before the court on defendant's motion for reconsideration of the court's requirement that the neuropsychological examination be videotaped. (Doc. 76).[2] As explained in greater detail below, defendants' motion for reconsideration shall be DENIED.

---

[1] The court follows the parties' practice and refers to Cesar Obdulio Paz Maldonado as Cesar Paz.

[2] The court similarly ordered that Mr. Paz be examined by a medical doctor retained by defendants and that the examination be videotaped. Defendants do not challenge that part of the order and the medical examination has been completed without further issue.

**Background**

Highly summarized, Mr. Paz was a passenger in a car that was struck by a train at a railroad crossing in Wichita, Kansas on April 29, 2008. His alleged injuries include "numerous fractures, internal injuries, loss of all teeth, loss of memory, [and] traumatic brain injury." He seeks monetary damages for "extensive pain, suffering, mental anguish, emotional distress, permanent disabilities, loss of earning capacity, loss of ability to do household chores, medical and surgical expenses, [and] economic and non-economic losses." Mr. Paz is a citizen of Honduras who has lived and worked in the United States for an unknown period of time.[3]

As noted above, defendants moved for a Rule 35 neuropsychological examination of Mr. Paz. The parties fought over virtually every issue, including (1) whether good cause had been shown for the examination, (2) the location of the examination, (3) the selection of an interpreter, and (4) the presence of a third-party observer, and/or (5) recording the examination. Recognizing the adversarial context of the neuropsychological examination and that a third-party (an interpreter) would be present during the examination, the court ordered that the examination be videotaped.[4]

---

[3] His immigration status is unclear. Mr. Paz refused to answer certain deposition questions concerning his status based on the Fifth Amendment. Mr. Paz has now returned to Honduras.

[4] Because of Mr. Paz's language skills, ***defendants*** arranged for an interpreter to participate in both examinations.

**Motion for Reconsideration**

Defendants assert three grounds in support of their motion for reconsideration. First, defendants argue that the requirement that the examination be videotaped "effectively disqualified defendants' retained expert Dr. Caffrey" because Dr. Caffrey refused to conduct the examination under the conditions imposed by the court. Second, the court's analysis of Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620 (D. Kan. 1999)(Judge Rushfelt) was flawed and the examination should not be videotaped. Finally, defendants assert that Mr. Paz's alleged brain injury or diminished mental capabilities do not constitute good cause for videotaping the examination.

The problem with defendants' motion is that the three grounds for reconsideration are the same issues considered and addressed in the court's February 25 Memorandum and Order. Defendants do not suggest that the court somehow misunderstood their earlier arguments; rather, defendants simply assert that the court's ruling that the examination be videotaped was wrong. Defendants present no persuasive arguments for reconsideration of the order requiring that the neuropsychological examination be videotaped; thus, the motion

to reconsider shall be denied.[5]

Defendants alternatively ask that they be granted 90 days to locate an expert who is (1) capable of examining a Spanish-speaker and (2) willing to conduct a videotaped neuropsychological exam. The court is satisfied that defendants have shown good cause for

---

[5]

Dr. Caffrey declined to conduct the examination under the court ordered conditions, asserting:

> Test content is not to be revealed to anyone other than duly trained and qualified licensed professionals. I have an ethical obligation to protect the test content.

(Doc. 76, Exhibit A). The suggestion that an expert's testing is not subject to review and examination by an opposing party is contrary to the federal rules of civil procedure. See, e.g., Rule 26(a)(2) (a retained expert witness must disclose the data or other information considered in forming his or her opinion). No doubt many of the experts testifying in federal court would prefer to express their opinion without scrutiny of the underlying data, information, and methodology. However, the federal rules permit an opposing party to discover and challenge the basis for a retained expert witness's opinion.

Dr. Caffrey also declined to conduct the examination because "the inclusion of a third party in an assessment may influence the examinee's behavior." (Doc. 76, Exhibit R). This is an odd argument given that *defendants* had made arrangements for a third party (an interpreter) to participate in Mr. Paz's examination. Moreover, Dr. Caffrey's affidavit was signed *December 12, 2008* and appears to be an affidavit from a different case. The affidavit does not consider Mr. Paz's circumstances.

Finally, Dr. Caffrey states that "observation and surveillance may violate the conditions of standardization" and increase performance errors and false positives. However, the examination in this instance arises in the context of litigation and plaintiff will be examined by a defense expert retained to counter plaintiff's claim for damages. It is not at all clear why unobtrusive "observation" of the testing causes Dr. Caffrey more concern than the adversarial context in which the examination would be conducted. Apparently, Dr. Caffrey is only concerned with "conditions of standardization" when his examination would be recorded and there would be no uncertainty as to "who-said-what" during the examination.

an extension of time.[6]

**IT IS THEREFORE ORDERED** that defendants' motion for reconsideration **(Doc. 76)** is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' deadline for completing a neuropsychological examination of Mr. Paz is extended with an indefinite deadline, pending the decision by defendants regarding the necessity for an examination in Honduras.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 12th day of May 2010.

                                    S/ Karen M. Humphreys
                                    _____
                                    KAREN M. HUMPHREYS
                                    United States Magistrate Judge

---

[6] Defendants advised the court during a May 6, 2010 conference that a neuropsychological examination may no longer be possible for practical reasons. Apparently Mr. Paz has returned to Honduras and defendants suggest that Mr. Paz may not be able to legally reenter the United States for a ten-year period. Defendants are exploring their options concerning the examination.