**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CESAR OBDULIO PAZ MALDONADO, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**UNION PACIFIC RAILROAD CO., et al.,** )<br>)<br>**Defendants,** )<br>)<br>) | Case No. 09-1187-EFM |

**MEMORANDUM AND ORDER**

This matter is before the court on Union Pacific's motion to compel Cesar Obdulio Paz Maldonado ("Paz") to answer certain interrogatories and production requests. (Doc. 83).[1] As explained in greater detail below, defendant's motion shall be DENIED IN PART and GRANTED IN PART.

**Background**

Highly summarized, Cesar Paz was a passenger in a car that was struck by a train at

---

[1] Union Pacific's motion also seeks to compel plaintiff Zuyapa Jiminez to answer certain interrogatories and production requests. However, Ms. Jimenez has accepted defendants' "Offer of Judgment." (Notice of Acceptance, Doc. 87). Accordingly, the portion of the motion concerning Ms. Jiminez is **MOOT.**

a railroad crossing in Wichita, Kansas on April 29, 2008. His alleged injuries include "numerous fractures, internal injuries, loss of all teeth, loss of memory, [and] traumatic brain injury." Mr. Paz seeks monetary damages for "extensive pain, suffering, mental anguish, emotional distress, permanent disabilities, *loss of earning capacity,* loss of ability to do household chores, medical and surgical expenses, [and] *economic and non-economic losses.*" Doc. 1-1, p. 28 (emphasis added).

Mr. Paz is a citizen of Honduras who has lived and worked in the United States for an unknown period of time. His immigration status is unclear and Mr. Paz refused to answer certain deposition questions concerning his status based on the Fifth Amendment. Sometime after his deposition, Mr. Paz returned to Honduras.

## Motion to Compel (Doc. 83)

Union Pacific moves to compel Mr. Paz to provide responses to certain interrogatories and production requests. Plaintiff opposes the motion, asserting objections based on his Fifth Amendment privilege and relevance. The parties' arguments are discussed in greater detail below.

**Fifth Amendment Privilege**[2]

Plaintiff asserted his Fifth Amendment privilege against self incrimination and refused to answer Interrogatory Nos. 17, 19 and 20 and Production Requests 7, 9, 13, 36-39, 42-48 and 53.  Although not directly stated, plaintiff's arguments suggest that he fears his answers to the interrogatories and responses to document requests may tend to incriminate him for crimes related to (1) illegal entry into this country and (2) the use (or misuse) of certain documents related to his employment in the United States.  Defendant argues that the court should compel responses because Mr. Paz currently resides in Honduras and the United States "is not going to spend a large amount of time and money" prosecuting Mr. Paz.  Doc. 99, p. 5.

Defendant's contention that the Fifth Amendment privilege turns on whether it is "likely" or "unlikely" that the government will prosecute an individual is misguided and speculative.  The standard for evaluating a Fifth Amendment privilege claim in the Tenth Circuit is as follows:

> It is for the trial judge in the first instance to decide whether the

---

[2]

Plaintiff proposed the following stipulation as a binding judicial admission in an effort to moot defendant's motion to compel:

> Plaintiffs waive any claim for which this honorable court finds that the immigration status of Cesar Paz or Gerson Banegas is relevant.

The court is not persuaded that plaintiff's proposed stipulation resolves Union Pacific's discovery requests because it is impossible to foresee at this time how the trial court might rule on the admissibility of evidence and which claims, if any, might be deemed waived by the "stipulation."

> witness's silence is justified and to order him to answer **only if it is "perfectly clear" that the witness is mistaken** and that the answers **"cannot possibly" tend to incriminate.** In making this determination the judge must **liberally construe the privilege** in favor of the right it was intended to secure.

United States v. Nunez, 668 F. 2d 1116 (Tenth Cir. 1980)(emphasis added, internal citations omitted). This court is unable to conclude that it is "perfectly clear" that Mr. Paz is mistaken and that providing certain testimony and employment documents "cannot possibly" incriminate plaintiff.

Defendant also argues that plaintiff should be required to produce the requested documents because document production is not protected by the Fifth Amendment. See Fisher v. United States, 425 U.S. 391 (1976)(compelling production of tax returns). However, as plaintiff correctly points out, the Fifth Amendment privilege is applicable in situations where the "act of producing documents" has a "compelled testimonial aspect." United States v. Hubbell, 530 U.S. 27 (2000).

The court is satisfied that the "act of production" in this instance has a "compelled testimonial aspect." For example, defendant has reviewed employment records indicating that "someone" utilized a fake social security card and/or "Green Card" to document plaintiff's employment. However, the limited record before the court does not reveal *who* provided the false employment documents; it may have been plaintiff or someone else. Requiring Mr. Paz to produce the requested documents would have a "compelled testimonial

aspect" because production would tend to incriminate plaintiff.[3]  Accordingly, the court declines defendant's request to overrule plaintiff's Fifth Amendment privilege claim concerning certain production requests.

Finally, defendant argues that the court should "impose appropriate sanctions against a plaintiff who uses the Fifth Amendment to block legitimate discovery in an action he or she commenced." Doc. 84, p. 9.[4]  Because the issues in the case have not been refined by a final pretrial order and it is unclear which claims will ultimately be presented, the court is not in a position to evaluate the imposition of sanctions at this time.  Defendant may re-assert its objections to plaintiff's evidence through a motion in limine or other appropriate dispositive motion.  Accordingly, defendant's motion to compel answers to Interrogatory Nos. 17, 19 and 20 and responses to production requests 7, 9, 13, 36-39, 42-48 and 53 shall be DENIED.

**Relevance**

Defendant also moves to compel an answer to Interrogatory No. 13 and Production Requests 4-6, 10, 15, 27, 30, 32-34, 54, 55 and 62.  Highly summarized, these discovery requests seek information concerning plaintiff's employment history, earnings, bank accounts, workers compensation claims and transfers of money to his wife.  Plaintiff objects

---

[3] Possession of such documents would suggest that Mr. Paz presented the fake documents to his employer.

[4] Defendant concedes that the court "cannot require plaintiffs to waive valid Fifth Amendment privileges."

-5-

to these requests, arguing that the requested information is irrelevant because he is not asserting a claim for "lost wages."

Plaintiff's "lack of relevance" argument is rejected. Relevance, in the context of discovery, is liberally construed and the information requested does have relevance to the issues in this case. For example, plaintiff is seeking damages for "loss of earning capacity" and "economic and non-economic" damages. Information concerning plaintiff's work history is relevant to his "loss of earning capacity" and "economic and non-economic" damages. Similarly, information related to any prior workers compensation claim is relevant to plaintiff's earning capacity and physical health. Because plaintiff's objection to discovery is rejected, defendant's motion to compel responses to Interrogatory No. 13 and Productions Requests 4-6, 10, 15, 27, 30, 32-34, 54, 55, and 62 shall be GRANTED.

**IT IS THEREFORE ORDERED** that defendant's motion to compel **(Doc.83)** is **DENIED IN PART** and **GRANTED IN PART.** Plaintiff shall provide the discovery responses ordered herein on or before December 22, 2010.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 22nd day of November 2010.

                                                S/ Karen M. Humphreys
                                                _____
                                                KAREN M. HUMPHREYS
                                                United States Magistrate Judge