IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CESAR OBDULIO PAZ MALDONADO,** et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Case No. 09-1187-EFM |
| **UNION PACIFIC RAILROAD CO., et al.,** | ) ) ) |
| Defendants, | ) ) ) |

**MEMORANDUM AND ORDER**

On February 25, 2011, the undersigned judge granted defendants' motion for a Rule 35 neurological examination of plaintiff in Kansas City, Missouri with certain conditions (Doc. Nos. 74 and 88). Thereafter, plaintiff made himself available for the IME in Kansas City but defendants' neurological expert refused to comply with the court's conditions and the examination was canceled. Plaintiff, a citizen of Honduras, returned to his native country after that cancellation.

Questions concerning costs and plaintiff's ability to appear in the United States generated a second round of arguments concerning the Rule 35 neurological examination. Asserting difficulty in returning to the United States, plaintiff argued that the examination should be conducted in Honduras. Defendants argued that the examination should be

conducted in the United States because plaintiff commenced this action in the United States. On May 4, 2011, the court ordered plaintiff to appear in the United States for the neurological examination and directed the parties to submit a proposed order "setting forth the conditions, date, and time, consistent with the rulings in this case." (Doc. 146, p. 10).

The logistics of the examination raised additional issues and, at the request of counsel, the court conducted a telephone conference on October 19, 2011 to address the location of the examination in the United States and the payment of expenses. The arguments and rulings are memorialized below.

With respect to the location of the examination, defendants have secured the services of a neurological expert willing to conduct the examination in Miami, Florida under the conditions imposed by the court.[1] Plaintiff counters that his "sponsor" for purposes of entering the United States is located in Wichita, Kansas, the city where this case was filed. Because his expenses will be materially higher if required to travel to Miami, plaintiff argues that defendants should be ordered to pay his lodging and travel expenses as well as the travel expenses for his sponsor. Defendants argue that they should not be burdened with paying additional expenses because of plaintiff's immigration issues and need for a sponsor in order to legally appear in the United States.

---

[1] The court ordered that the neurological examination be videotaped, a condition that defendants' original expert asserted would be unprofessional and a violation of testing protocols. However, the videotaping of a neurological examination in the context of litigation is apparently standard procedure in Florida and Florida doctors are willing to conduct the neurological examination under the conditions imposed by this court.

The court previously ruled that plaintiff was obligated to appear for examination in the state of Kansas, the state in which he filed his lawsuit. (Doc. 74, p. 5). Neither party presents any persuasive argument why the court should modify this ruling. Because defendants selected an expert in Florida and seek permission to conduct the examination in Florida, the court will require defendants to pay plaintiff's lodging and transportation expenses to Florida.[2]

The expenses of plaintiff's sponsor presents a closer question. However, it appears that a sponsor is required for plaintiff to legally enter the United States and the sponsor's assistance is necessary for plaintiff's appearance in Florida. If the examination were scheduled in Wichita, Kansas, the sponsor would not incur travel and lodging expenses. Equally important, plaintiff previously made himself available for a neurological examination in Kansas City. Under the circumstances, plaintiff should not be required to pay for the added expense of conducting the examination in Florida. After considering the totality of the circumstances, the court will require defendants to pay the reasonable lodging and travel expenses of plaintiff's sponsor to Florida.

**IT IS THEREFORE ORDERED** that plaintiff shall appear in Florida for a Rule 35 neurological examination. The parties shall confer concerning a mutually agreeable date and submit a proposed order setting forth the conditions, date, and time, consistent with the

---

[2] Plaintiff is responsible for paying his own lodging and travel expenses from Honduras to the United States.

rulings in this case. The Florida examination is contingent upon defendants' payment of the travel and lodging expenses.

**IT IS FURTHER ORDERED** that defendants shall pay the reasonable lodging and transportation expenses for plaintiff and his sponsor to attend the neurological examination in Florida.[3]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 26th day of October 2011.

                                          S/ Karen M. Humphreys
                                          _____
                                          KAREN M. HUMPHREYS
                                          United States Magistrate Judge

---

[3] The possibility exists that the United States may refuse to issue a visa for plaintiff to enter this country. The court will address that situation when and if it occurs.

Plaintiff will apparently seek legal entry on the border between Mexico and Texas. The parties shall confer in good faith concerning a reasonable means of transportation and cost from the point of entry to Florida. As previously noted, defendants are not responsible for any costs until plaintiff enters the United States.

-4-