## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CESAR OBDULIO PAZ MALDONADO, et al., | |
| *Plaintiffs,* | |
| vs. | Case No. 09-1187-EFM |
| UNION PACIFIC RAILROAD CO., et al., | |
| *Defendants.* | |

## ORDER

A train collided with a car in which Plaintiff Cesar Obdulio Paz Maldonado was a passenger, and he suffered multiple injuries as a result of this accident. Plaintiff brought suit against two railroads and two individuals working for the railroads. Before the Court is Plaintiff's Motion for Setting Trial and Bifurcation (Doc. 178). For the reasons stated below, the Court denies Plaintiff's motion.

Plaintiff requests that the Court set a trial date and moves to bifurcate the issues of liability and damages at trial pursuant to Federal Rule of Civil Procedure 42(b). This rule provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues."[1] The Court has discretion when deciding whether to sever issues

---

[1] Fed. R. Civ. P. 42(b).

at trial.[2] "Generally, the party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience."[3]

Plaintiff first argues that bifurcation on the issues of liability and damages will avoid potential prejudice against Plaintiff relating to his citizenship or immigration status. Plaintiff currently resides in Honduras, and there is a question whether Plaintiff was in the United States legally at the time of the accident. Furthermore, there are issues surrounding Plaintiff's ability to reenter the United States for trial. Plaintiff asserts that his citizenship and immigration status are irrelevant to the liability issue, and bifurcation will alleviate the potential prejudice against Plaintiff because the jury will not hear about Plaintiff's citizenship status during the liability phase. Second, Plaintiff contends that bifurcation will aid in judicial economy because it will be more convenient for Plaintiff to return to the United States at the same time for his Rule 35 medical exam[4] and trial. And Plaintiff asserts that it would be more economical to bifurcate the trial because the damages phase is more costly than the liability phase, and after the jury determines liability, the parties may settle to avoid the damages phase.

Defendant objects to bifurcating liability and damages because Plaintiff's immigration or citizenship status may be relevant in determining liability. In this case, Plaintiff was the passenger in a vehicle struck by a train. The driver of the vehicle was taking Plaintiff to work and allegedly

[2] *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010) (quotation and citations omitted).

[3] *Id.* (quotation and citation omitted).

[4] The Court finds it unnecessary to go into detail about the issues surrounding Plaintiff's Rule 35 exam because the problems surrounding this exam have already been the subject of numerous motions and orders. *See* Docs. 67, 74, 76, 88, 91, 136, 146, 157, 158, and 185. Suffice it to say, there are significant issues surrounding Plaintiff's return to the United States.

ran a stop sign immediately before the train hit the car. Relying on *Hernandez-Cortez v. Hernandez*,[5] Defendant contends that if Plaintiff was in the country illegally and engaged in illegal activity with the driver of the vehicle, the negligence of the driver may be imputed to Plaintiff. In Kansas, negligence law bars recovery to a plaintiff who bears 50% or more of the fault.[6] Consequently, Defendant argues that Plaintiff's immigration status will be relevant during the liability phase because if Plaintiff is apportioned 50% of the fault, he will not be able to recover from Defendant. Defendant also argues that bifurcation of the trial will not shorten the trial or make trial more efficient because having two phases of the trial would result in a lengthier trial with unnecessary burdens on the Court, parties, and the juries.

With respect to Plaintiff's request to bifurcate the issues of liability and damages, the Court denies this request. In *Hernandez-Cortez*, the District of Kansas imputed the negligence of the driver of a vehicle to a passenger in the vehicle because the driver and passenger were jointly engaged in criminal activity.[7] In light of this case, the Court concludes that Plaintiff's immigration status and whether he was engaged in illegal conduct at the time of the accident may be a factor when determining liability. The Court, however, does not definitively decide this issue at this time because several factual and legal determinations will need to be made on the basis of facts not currently before the Court.[8] Even if the Court concludes that Plaintiff's immigration status is irrelevant to determining liability, the Court can give limiting instructions regarding Plaintiff's immigration status

---

[5] 2003 WL 22519678 (D. Kan. Nov. 4, 2003).

[6] *See* K.S.A. § 60-258a.

[7] *Hernandez-Cortez*, 2003 WL 22519678, at * 4-5.

[8] Plaintiff did not file a reply addressing Defendant's contention that liability may be imputed on Plaintiff due to alleged joint illegal activity with the driver of the vehicle.

and instruct the jury that Plaintiff's citizenship status is not relevant in their deliberations. For that reason, the Court finds that Plaintiff will not be prejudiced if the liability and damages phase of the trial is not bifurcated.

Bifurcation also will not aid in judicial economy. Plaintiff argues that the best chance for him to return to the United States is for Plaintiff to return for his Rule 35 examination at the same time as trial. This argument makes sense if the Court holds one trial. If the Court adopted Plaintiff's suggestion to bifurcate the trial and hold the liability and damages phases on entirely separate dates with a break between the two phases, Plaintiff would most likely have to obtain permission to reenter the United States twice. Plaintiff fails to explain how this outcome would be more convenient, more efficient, and less expensive than holding one trial. And Plaintiff's chance of obtaining permission to reenter the United States twice is remote. As noted above, a single trial is generally less expensive, more efficient, and more convenient.[9] Because Plaintiff does not demonstrate how two trials on the matter would be more efficient, the Court denies Plaintiff's request to bifurcate the liability and damages phase of trial.

With respect to Plaintiff's request for a specific trial date, Magistrate Judge Humphreys issued a revised scheduling order on March 6, 2012. In this order, she set a trial date for February 12, 2013. Accordingly, Plaintiff's request for a specific trial date is denied as moot because a trial date has been set.

---

[9] *Belisle*, 697 F. Supp. 2d at 1250.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Setting Trial and Bifurcation (Doc. 178) is hereby **DENIED**. Magistrate Judge Humphreys has already set a trial date for February 12, 2013.

**IT IS SO ORDERED**.

Dated this 12th day of April, 2012.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE